## D. D. MARSHALL v. CHURCH WILHITE.

**1. Enlarging Negotiability of Note Releases Prior Parties.**

The unauthorized alteration of a promissory note after its execution and delivery, by erasing therefrom the words "the order of" before the name of the payee, and inserting therein the words "or bearer" in a blank space inadvertently left after the name of the payee avoids it as to prior non-consenting parties in the hands of a subsequent bona fide holder for value.

**2. Burden of Proof is on Plaintiff to Show Maker's Assent.**

In an action of a promissory note branded and condemned by blemishes or erasures on its face, the burden of proof is upon the plaintiff to show that it was in that form when executed and delivered by the maker, or was subsequently assented to by him.

ERROR to the Court of Common Pleas of Logan county.

SENEY, J.

The defendant in error, Wilhite, brought an action in the court below against the plaintiff in error, D. D. Marshall, upon a promissory note, of which the following is a *fac simile:*

$                                        *Huntsville, Ohio, August 26*, 1885.

*Thirteen months* after date *I* promise to pay to *P. Huddle, or bearer $150.00 One Hundred and Fifty* Dollars, at *Six per cent. Interest.*
Value received.
No.                        Due *Oct. 1st, 1886.*                        *D. D. Marshall.*

As a first defense to the action upon this note, the defendant below in effect says, that he executed and delivered a note to P. Huddle in all respects similar to the note sued on, except that the same contained the words "the order of," and did not contain the words "or bearer." And that after he so made and delivered the said note, the holder thereof, without his authority, knowledge or consent, fraudulently altered and changed the same, by erasing therefrom the words "the order of," before the name of P. Huddle, the payee, and inserting the words "or bearer" therein after the name of the payee.

As a second defense, the defendant says that said note was obtained from him by the said P. Huddle by fraud, averring facts in detail that constitute the fraud. The plaintiff replies to these defenses by a general denial.

Upon these issues, the evidence and the charge of the court, the cause was submitted to the jury, who rendered a verdict for the plaintiff for the full amount of the note. A motion for a new trial was filed to set aside the verdict for the following reasons:

First—That the verdict is contrary to the law and the evidence.

Second—That the court erred in admitting and excluding evidence.

Third—That the court erred in its charge, and refusal to charge as requested.

Said motion was overruled and exceptions taken, and judgment rendered upon the verdict. For this action of the court below a petition in error was prosecuted in this court.

The evidence is undisputed that the note was executed and put in circulation in the following form:

$                                        *Huntsville, Ohio, August 26*, 1885.

*Thirteen months* after date, *I* promise to pay to the order of *P. Huddle, $150.00 One Hundred and Fifty* Dollars, at *Six per cent. Interest.*
Value received.
No.                        Due *Oct. 1st, 1886.*                        *D. D. Marshall.*

It is further undisputed that the note was partly written and partly printed; that the words "the order of" were in print; that the written words "thirteen months" were at the beginning of the first line; the printed words "the order of" were at the commencement of the second line; that the figures "$150," were written at the beginning of the third line; and the words "at six," the first printed and the second written, were the beginning of the fourth line; and the name P. Huddle was written after the words "the order of" in a blank space left in the printed form; that after the name of P. Huddle, the payee, in the second line of said note, blank space was left by the maker of said note in which could be inserted the words "or bearer;" that the note as changed is similar in every respect to the note executed and delivered excepting that the printed words "the order of" are erased by drawing two lines through them with a pen—leaving however, the words "the order of" plainly visible, and excepting that after the payee's name, P. Huddle, on the second line of said note, the words "or bearer"

are written in the same hand and with the same pen, apparently, as the other written matter. The evidence tends to prove that the note was obtained by fraud.

The first question presented is, does this constitute a material alteration of the note? It is material "if it effects some change in the meaning or legal operation of the instrument."

It was held in the case of Booth v. Powers, 56 N. Y., 22, that "where a note is made payable to the order of A., an alteration by erasing the words 'to the order of' and inserting 'or bearer' after the payee's name, is a material one, and vitiates the note."

In the case at bar, does this alteration affect the legal operation of the instrument, keeping in mind that the note does not bear the indorsement of the payee, P. Huddle? Without the alteration, the plaintiff below, in the absence of any indorsement of P. Huddle, the payee, acquired by the transfer only the equitable title to the note. He became simply the equitable owner thereof, and the note remains subject to the same defenses as in the hands of the original payee, and the second defense, fraud, would defeat a recovery. In its altered form, the plaintiff would acquire the legal title by delivery without indorsement, which would prevent the maker from setting up the same defense if transferred before maturity in good faith for value.

Swan in his Treatise says, "As a note or bill payable to A. or order necessarily requires the indorsement of A. to make it payable to a third person, it follows that if a note so payable to A. gets into circulation without A's indorsement, the holder has no proper commercial evidence that he is the owner, and for the want of the indorsement of A, the holder, even before due for value, takes it subject to all the defenses against A, and as to such defenses they stand in A's shoes." So we hold this to be a material alteration of the note declared on.

It is claimed, and the learned judge in the lower court so charged the jury in effect, that because the maker of the note, at the time of the execution and delivery of the same, left the space blank after the name of the payee P. Huddle, so that the words "or bearer" might be inserted, he could not urge the alteration to defeat the recovery upon the note in the hands of an innocent holder.

We know of no case directly in point, but upon principle we do not agree with the court below. If the maker puts in circulation a promissory note, leaving blanks therein, of a character indicating that other matter is intended to be inserted therein, it carried on its face implied authority to fill the blank with such matter as will make it a perfect and complete note; and if such blank is afterwards filled in with matter which its character indicates, he will be chargeable as against an innocent holder for value. Or if he signs a piece of paper, and a note is written above his signature and put in circulation, he is alike chargeable. But where he puts in circulation a note perfect and complete in itself, with all blanks filled with the proper matter to make it a complete and perfect note, why should he be chargeable with negligence?"

In the case at bar the blank space was filled with the only proper matter which its character indicated as requisite to make it a complete and perfect note, viz.: the name of the payee. Before the name of the payee were the printed words "the order of," which effected its negotiability by indorsement. A printed blank form of note was used. The printed words "the order of" are plainly visible through the lines traced over them. The blank space in the note after these words, was intended for the name of the payee, and for the insertion of no other matter. This was the only proper matter that could have been inserted in that blank space. The inspection of the instrument would carry this information to the purchaser that the blank space was intended for the name of the payee alone. It is not a case of leaving blank a part of the space in which the amount is inserted; such blank is for that purpose only, and if a part is blank it may be filled up with just such matter as it was made for and intended to be filled with, and

nothing else. The inspection of the instrument might not convey any information that it had been filled up wrongfully. Besides, leaving blank a portion of the space intended for the insertion of the amount, would carry implied authority to fill it with such matter as its character indicated.

In the present case, the blank space was preceded by the words "the order of;" and when these words were erased, and no space left therein intended by its character and form for the insertion of other negotiable words—we hold it was not negligence on the part of the maker to leave a part of the space blank after the name of the payee, for the insertion of which, and nothing else, that blank space was intended. See opinion of the court in Citizens' Bank v. Closson, 29 O. S., 78, 82.

The face of the instrument carries with it no implied authority to insert the words "or bearer" in that space, but the contrary, as an inspection of the instrument plainly shows.

As to the burden of proof, we think the common pleas erred in refusing to give the first instruction as requested. Chief Justice Gibson, in Simpson v. Stackhouse, 9 Barr, 136, says in a case where the words "payable at the Bank of Pittsburgh," written at the end of a note, were in a hand writing different from that of the defendant, that without a presumption to sustain him the maker would in every case be defenseless. It may be said that the holder, with such a presumption against him, would also be defenseless. But it was his fault to take such a note. As notes and bills are intended for negotiation, and as payees do not receive them when clogged with impediments to their circulation, there is a presumption that such an instrument starts fair and untarnished, which stands till it is repelled; and a holder ought, therefore, to explain why he took it branded with marks of suspicion, which would probably render it unfit for his purposes. The very fact that he received it, is presumptive evidence that it was unaltered at the time; and to say the least, his folly or his knavery raised a suspicion which he ought to remove. The maker of a note cannot be expected to account for what may have happened after it left his hands; but a payee or indorsee who takes it, condemned and discredited on the face of it, ought to be prepared to show what it was when he received it." In the case at bar, the plaintiff below took the note branded and condemned by the erasure plainly visible on its face. For these reasons we think the court below erred in its charge as given, which is as follows:

"As the defendant admits that he left a blank in the note after the words "P. Huddle," so that the words "or bearer" might be inserted, if it all be true as he claims, the alteration of the note will not avail him as a defense in this case against Wilhite, who purchased it before due, for a valuable consideration, without notice of defense."

We also think the requests to charge should have been given, and it was error to have refused them. They are as follows:

"1. If the jury find that in the alleged promissory note sued on, and offered in evidence in this action, there is an erasure of the printed words "the order of" before the name of P. Huddle, the payee, plainly visible on the face of the instrument, and that the words "or bearer" are inserted therein in writing after the name of P. Huddle, the payee, it devolves on the plaintiff to show by a preponderance of evidence, that the said erasure and insertion were made either before the execution of the note, or afterwards with the defendant's consent, or without the procuration or consent of the then holder thereof; otherwise he can not recover, and their verdict must be for the defendant.

"2. If the jury find that after the defendant signed and delivered the alleged promissory note sued on and given in evidence in this action, the holder thereof, without his consent, altered the same, by the erasure therein of the printed words "the order of" before the name of P. Huddle, the payee, and the insertion therein in writing of the words "or bearer" in the blank space immediately follow-

ing the name of P. Huddle, the payee, as shown on the face of the instrument, then the plaintiff cannot recover, and their verdict must be for the defendant." For these errors, the judgment of the Common Pleas will be reversed, verdict set aside, new trial granted, with costs, and the cause remanded for further proceeding.

\* West & West, for plaintiff in error, submitted the following propositions:

The unauthorized immaterial alteration of a promissory note does not avoid it. Huntington & McIntire v. Finch & Co., 3 O. S., 445; Fullerton v. Sturges, 4 O. S., 530; Bank v. Smith, 5 O., 222; Holland v. Hatch, 15 O. S., 464; Schriver v. Hawkes et al., 22 O. S., 308; Harsh et al. v. Klepper, 28 O. S., 200, 206, near bottom of page, furnish examples of immaterial alteration which do not avoid the instrument.

Where a blank form of a promissory note, which plainly indicates and suggests on its face the purpose for which any blank therein is left, and the term or particular matter with which it is intended to be filled, is signed and delivered to another, implied authority is thereby given to such other as the agent to fill such blanks with the term or matter so indicated and intended, and the subsequent filling it with such matter will not avoid the instrument in the hands of an innocent holder. Bank v. Smith, 5 O., 222; Fullerton v. Sturges, 4 O. S., 530.

But when a promissory note is delivered such blank is filled with the matter which its character indicates as intended, although the blank be not entirely covered thereby, and a portion of the space so inadvertently left, of other and different matter than that which its character indicates as intended to be inserted, avoids the instrument as to prior non-consenting parties in the hands of an innocent holder. Citizens Bank v. Clossen, 29 O. S., 78; Jones v. Bangs, 40 O. S., 139, 146; Tarbill v. Mill Works, 1 O. C. D., 643; Dater v. Simons, 5 Am. Law Rec., 257, (5 Dec. R., 377); Knoxville National Bank v. Clark,   Iowa —(s. c. 4 B, 505), 505; Greenfield Savings Bank v. Stoll, 123 Mass., 260, 25 Am. R., 67; Fordyce v. Kosminski, 4 Am. St. R., 18; McGrath v. Clark, 56 N. Y., 34, 15 Am. R., 372; Wood v. Steele, 6 Wall. (U. S.) 80; Angle v. Mutual Life Ins. Co., 92 U. S., 330; Belknap v. National Bank of North America, 100 Mass., 376, 97 Am. Dec., 105; Bruce v. Wescot, 3 Bar., 374; Booth v. Powers, 56 N. Y., 22; 1 Randolph on Commercial Papers, secs. 181 to 187, inclusive.

The unauthorized erasure of the words "the order of" before the name of the payee, and insertion of the words "or bearer" in a blank space inadvertently left after the name of the payee, avoids the promissory note as to prior non-consenting parties in the hands of a subsequent holder. Booth v. Powers, 56 N. Y., 22; Bruce v. Wescot, 3 Bar., 374.

James Kernan, for defendant in error, cited 2 Daniels, secs. 1405 to 1408, inclusive.

---

\* Brief was only received after the larger part of the case had been already published, and so we give it at the conclusion of the decision, though not the proper place for it.