## HARRY K. DRESSER *vs.* TRADERS' NATIONAL BANK.

Suffolk.    March 28, 1895. — January 3, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*National Bank — Contract — Ultra Vires.*

A contract whereby a person is to furnish a national bank with a certain customer, in consideration of which and of the advantage and profit thereby to accrue to the bank it agrees to turn over to him a certain amount of fire insurance which would be greatly to his profit, is one not within the power of a national bank to make, and the bank may avail itself of the defence of *ultra vires,* if sued upon the contract.

LATHROP, J. The writ in this case describes the defendant as the Traders' National Bank, a corporation duly established by the laws of the United States of America, and having a

usual place of business in Boston.   The declaration, as amended, alleges that the plaintiff made a contract with the defendant, on a day named, whereby he was to furnish the defendant with a certain customer, in consideration of which and of the advantage and profit thereby to accrue to the defendant, it agreed to turn over to him one hundred thousand dollars' worth of fire insurance, to wit, $70,000 on stocks of goods, and $30,000 on mill properties, which business would be of great profit to the plaintiff.   The declaration then alleges a performance on the plaintiff's part, and a breach on the part of the defendant.

The defendant demurs to the writ and declaration, on the ground that, being a national banking corporation, organized under the laws of the United States, it possesses only the powers conferred by the U. S. Rev. Sts. § 5136, and that the contract alleged is beyond the defendant's power to make.

This demurrer was overruled by the Superior Court, and this part of the case comes before us on appeal.

We are of opinion that the demurrer should have been sustained.   The powers conferred upon national banks are found in §§ 5136 and 5137 of the U. S. Rev. Sts.   By clause 3 of § 5136, a bank is given the general power " to make contracts." By clause 7, power is given " to exercise by its board of directors, or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; by receiving deposits; by buying and selling exchange, coin, and bullion; by loaning money on personal security; and by obtaining, issuing, and circulating notes, according to the provisions of this title."   Section 5137 applies to the powers of a bank relating to land, and has no application to the case before us.

The power to make contracts must, by general principles of law, be limited to the purposes for which a national bank is organized.   Two questions are then presented.   First, whether a bank can agree to pay money to a third person for the purpose of securing a customer; and secondly, if it can do so, whether it can agree to furnish to such third person, for such a purpose, fire insurance to a specific amount.   We should be slow in answering the first question in the affirmative.   Such a mode

of doing business is so inconsistent with sound principles of banking, that it would seem that the directors would not be justified in thus spending the money of the stockholders. But it is unnecessary to decide this question, as we are of opinion that the second question must be answered in the negative. As we understand the declaration, the officers of the bank, acting in its behalf, were to go about, either personally or by an agent, seeking for persons who wished to insure their property, and, when they had found them, to put the matter in the hands of the plaintiff, who would cause insurance to be made, and thus earn a commission. We are of opinion that this would be so far outside the legitimate purposes for which national banks are organized, that the contract declared on must be deemed to be *ultra vires* of the defendant corporation. *Davis* v. *Old Colony Railroad,* 131 Mass. 258. *Weckler* v. *First National Bank,* 42 Md. 581. *Norton* v. *Derry National Bank,* 61 N. H. 589.

It is, however, contended by the plaintiff, that it is settled by the decisions of the Supreme Court of the United States that, if a national bank acts in excess of its powers, this can be taken advantage of only by the government, and not by a party to an action. See *Gold Mining Co.* v. *National Bank,* 96 U. S. 640 ; *National Bank* v. *Matthews,* 98 U. S. 621 ; *National Bank* v. *Whitney,* 103 U. S. 99 ; *Fortier* v. *New Orleans National Bank,* 112 U. S. 439. But these are cases where a national bank lent money in excess of its corporate powers, or where an action was brought on a note, for which the bank had taken as collateral security something which by law it was not authorized to take ; or where a bank sought to realize upon such security. In *Logan County National Bank* v. *Townsend,* 139 U. S. 67, 76, Mr. Justice Harlan, speaking of *National Bank* v. *Matthews,* which is the leading case on this subject, said: " The decision went upon these grounds: that the bank parted with its money in good faith ; that the question as to the violation of its charter, by taking title to real estate for purposes unauthorized by law, could be raised only by the government in a direct proceeding for that purpose ; and that it was not open to the [original] plaintiff in that suit, who had contracted with the bank, to raise any such question in order to defeat the collection of the amount loaned." See also *Thompson* v. *St. Nicholas National Bank,* 146 U. S. 240.

Whether the plaintiff can maintain an action upon an implied contract to pay him the fair value of his services is not open on the pleadings before us, and has not been argued. We are not called upon, therefore, to decide whether the same rule which obtains where a corporation has received money or property under a contract which it is beyond its power to make, and which may be recovered back on an implied contract, applies to the case before us. See *Davis* v. *Old Colony Railroad*, 131 Mass. 258, 275; *L'Herbette* v. *Pittsfield National Bank*, 162 Mass. 137; *Central Transportation Co.* v. *Pullman's Palace Car Co.* 139 U. S. 24; *Norton* v. *Derry National Bank*, 61 N. H. 589.

After the demurrer was overruled in the Superior Court, the case was tried, and a verdict was rendered for the plaintiff; and the defendant alleged exceptions. One of the exceptions was to the refusal of the court to rule that the contract was *ultra vires.* This exception must be sustained. The other exceptions need not be considered. The order therefore must be,

*Demurrer and exceptions sustained.*

*W. R. Bigelow*, for the defendant.
*E. O. Achorn*, for the plaintiff.