JOHN F. SAWYER, administrator with the will annexed, *vs.* OLD LOWELL NATIONAL BANK.

Middlesex.    March 11, 12, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bailment. Bank. Will,* Custody of.

Where one, who has hired a safe deposit box from a national bank and who also has a deposit account in the bank, leaves with the officials of the bank a tin box, without disclosing its contents, which is placed in a bank vault where books and records are stored, the bank does not become the bailee of a will of the depositor contained in the tin box.

*Whether* the remedy for the failure of a person having custody of a will to deliver such will into the Probate Court, which is given by R. L. c. 135, § 14, "to a person who is aggrieved for the damage sustained by him by reason of such neglect," is an exclusive remedy, here was referred to as a question that was not passed upon.

It here was assumed for the purposes of decision, that an administrator *de bonis non* with the will annexed was the proper party to sue for damages suffered by the negligent withholding of the will.

*Whether* under the national bank act and before the passage of the federal reserve bank act, U. S. St. 1913, c. 6, § 11 k, a national bank had authority to accept a will for safe keeping and would be legally liable for a failure to deliver according to directions a will thus accepted in custody, here was referred to as a question which it was unnecessary to consider.

CONTRACT OR TORT by the administrator with the will annexed, appointed on March 14, 1910, of the estate of Sarah R. Spalding, late of Lowell, who died on April 6, 1902, against a national bank, the substituted declaration alleging in substance, in three different counts, that the plaintiff's testatrix, Sarah R. Spalding, during her lifetime deposited or caused to be deposited with the defendant for safe keeping a certain box or tin trunk with her name marked upon it and containing among other things her last will and testament; that the defendant accepted the custody of said box and thereby impliedly promised and agreed to deliver it over upon and in accordance with the request of Sarah R. Spalding or her legal representatives; that Sarah R. Spalding died on April 6, 1902; that after the lapse of a reasonable interval of time, during which no will of Sarah R. Spalding was found notwithstanding an extended search therefor, an administrator of her estate was appointed by the Probate Court, who visited the banking rooms of the defendant and there made demand for such boxes or papers belonging to Sarah R. Spalding as were in the custody and possession of the defendant; that the defendant thereupon produced and delivered to the administrator certain boxes belonging to the deceased, but, in alleged disregard and violation of its obligation, the defendant failed to produce or deliver the box containing her last will and testament; that the administrator thereafter administered the estate of the deceased and distributed among her next of kin the sum of $28,803.27, and on June 7, 1905, his final account as such administrator was allowed by the Probate Court; that continuously thereafter from the time of the demand aforesaid, still in alleged disregard and violation of its obligation, the defendant failed to produce or deliver the box containing the last will and testament until the early part of February, 1910, when the defendant found in its vault the box or tin trunk above mentioned containing the last will and testament of the deceased,

and, the executor named therein having died, the plaintiff was appointed administrator with the will annexed; that none of the next of kin among whom the estate had been distributed was named as a legatee in the will, wherefore the plaintiff made diligent effort to recover back the amounts so paid to the next of kin; that, while a portion thereof has been recovered, the plaintiff has been unable to recover the whole, whereby the legatees named in the will have suffered loss; that such loss was due to the negligence of the defendant, its officers or servants, in failing to find as above set forth said box containing the last will and testament, wherefore a right of action accrued to the plaintiff to recover damages from the defendant. Writ dated January 15, 1916.

The defendant filed a plea in abatement and also filed a demurrer. There were hearings on both before *Keating,* J., who made orders respectively overruling the plea in abatement and the demurrer and ordering the defendant to answer, which it did.

Later the case was tried before *Morton,* J., without a jury. The material facts as testified to by the plaintiff's witnesses are stated in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant and reported the case for determination by this court, with a stipulation of the parties that, if the judge was right in ordering the verdict, judgment should be entered on the verdict for the defendant; and that, if the judge was wrong in ordering the verdict, the case should be remanded to the Superior Court to be tried before a jury for the assessment of damages only. The orders of *Keating,* J., overruling the plea in abatement and the demurrer also were reported for determination by this court.

R. L. c. 135, § 14, referred to in the opinion, is as follows: "A person who has the custody of a will, other than a register of probate, shall, within thirty days after notice of the death of the testator, deliver such will into the probate court which has jurisdiction of the probate thereof, or to the executors named in the will, who shall themselves deliver it into such court within said time; and if a person neglects without reasonable cause so to deliver a will, after being duly cited for that purpose by such court, he may be committed to jail by warrant of the court until he delivers it as above provided; and he shall be further liable to a

person who is aggrieved for the damage sustained by him by reason of such neglect."

F. E. Dunbar, (A. C. Spalding with him,) for the plaintiff.

J. J. Kerwin, (J. C. Reilly with him,) for the defendant.

DE COURCY, J.   Sarah R. Spalding died on shipboard on April 6, 1902, while returning from Jamaica.   Shortly thereafter a search was begun for a will which it was known she had at one time executed.   One Charles H. Coburn called at the banking rooms of the defendant, where Miss Spalding had hired a safe deposit box and kept a deposit account.   He had the key of the safe deposit box, and its contents were examined in his presence, but no will was found therein.

Mr. Coburn was duly appointed administrator of Miss Spalding's estate on May 27, 1902.   He administered the estate, had his final account allowed on May 25, 1905, and distributed the personal estate among the next of kin in pursuance of a decree issued by the Probate Court on June 7, 1905.

In February, 1910, two clerks in the employ of the defendant were engaged in removing from the bank vault certain old books and records, preparatory to installing new steel shelving.   On the floor, under one of the old shelves, they found a rectangular tin box, about twelve inches long, seven inches wide, and six or seven inches deep.   The name Sarah R. Spalding was scratched thereon in two or three places; and when the box was opened there was found therein the will of Miss Spalding, and some other papers and family "keepsakes" of no intrinsic value.   The president of the bank filed the will in the probate office, and notified the attorney who had acted for Mr. Coburn.   This will was duly allowed on March 14, 1910, and the plaintiff was appointed administrator with the will annexed.   He brought this action of tort or contract to recover damages, claiming among other elements, the expenses incident to the administration, and the value of the real estate which had been sold by the heirs of Miss Spalding before the finding of her will.

The case declared on, and tried in the Superior Court, was the alleged breach of duty by the defendant, as bailee, in failing to produce or deliver the box containing the last will of Sarah R. Spalding.   We assume, for the purposes of this case, that the plaintiff is a proper party to sue in the right of the testatrix for some

of the elements of alleged damage; and that the remedy provided by R. L. c. 135, § 14, in favor of persons aggrieved by the unreasonable neglect of the possessor of a will to deliver it into the Probate Court, is not exclusive. Nevertheless the plaintiff has failed to establish the essential fact, that the defendant ever became the bailee of the will. Presumably it could be inferred from the evidence that the tin box was left at the bank for safe keeping: but there is nothing in the record to indicate that the defendant knew or reasonably ought to have known that Miss Spalding's will was contained in it. Acceptance of the box would not make the bank responsible for its contents. As was said in *Scollans* v. *Rollins*, 179 Mass. 346, 354, where a sealed envelope containing bonds was delivered, " . . . if the certificates had been handed to him in a sealed envelope, they would not have been entrusted to him, and opening the envelope would have been like a carrier's breaking bulk. The modern decisions have followed the ancient suggestion that in such cases there is no delivery of the contents of the enclosure." See also *Belknap* v. *National Bank of North America*, 100 Mass. 376, 381.

As the defendant never became custodian of the will of Miss Spalding, it is unnecessary to consider whether it would be authorized, under the national bank act, to accept a will for safe keeping, and would be legally liable for the consequences due to its failure to deliver the will according to directions. See *Myers* v. *Exchange National Bank*, 96 Wash. 244; *Dresser* v. *Traders' National Bank*, 165 Mass. 120. And see now federal reserve act, U. S. St. 1913, c. 6, § 11 k. *First National Bank* v. *Union Trust Co.* 244 U. S. 416.

The plaintiff, in his supplemental brief, argues that the defendant bank was bailee of the tin box, as distinguished from its contents. It is apparent from the record, however, that the bailment claimed in the pleadings and at the trial was that of the will; and the damages contended for could not arise from the loss of the box itself. Even if the question were now open to the plaintiff, it is difficult to see how an empty tin box, gratuitously stored in the bank vault for the accommodation of the owner, could be regarded as a "special deposit," the handling of which would come within the regular line of banking business, like money, stocks, bonds and other securities. *American National Bank* v. *E. W.*

*Adams & Co.* 44 Okla. 129; L. R. A. 1915 B 542, note. *Foster* v. *Essex Bank,* 17 Mass. 479.

The plea in abatement and demurrer have not been argued by the defendant, and the issues raised thereby are disposed of by what we have said. The exclusion of evidence offered by the plaintiff on the question of damages has become immaterial in view of our decision on the issue of liability. *Millen* v. *Gulesian,* 229 Mass. 27. The trial judge rightly ordered a verdict for the defendant: and in accordance with the report judgment is to be entered on the verdict.

*So ordered.*