(July 22, 1921.)

H. V. RIGGS, Respondent, v. BANK OF CAMAS PRAIRIE, a Corporation, Appellant.

[200 Pac. 118.]

BAILMENT—LIABILITY OF BAILEE—CHARACTER OF BAILMENT—MONEY— NOTICE.

>   One who receives, as a gratuitous bailment, a locked box represented by bailor to contain "papers and other valuables" is not liable for the loss of money contained in such box, of the presence of which money bailee had no notice.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge Presiding.

Action to recover value of personal property. Judgment for plaintiff. Defendant appeals. *Modified* and *affirmed.*

Publisher's Note.

On the question of acceptance of receptacle as charging one as bailee of contents, see note in 1 A. L. R. 272.

Liability for loss of property in safe deposit box, see notes in Ann. Cas. 1912B, 441; Ann. Cas. 1918C, 910.

S. O. Tannahill and James E. Babb, for Appellant.

A mere depositary without any special undertaking, and without reward, is not answerable for the loss of the goods deposited, except in case of gross negligence. (*Foster v. President etc. of Essex Bank,* 17 Mass. 479, 9 Am. Dec. 168; *Whitney v. First Nat. Bank,* 55 Vt. 154, 45 Am. Rep. 598; *First Nat. Bank v. Graham,* 100 U. S. 699, 25 L. ed. 750; *Smith v. First Nat. Bank,* 99 Mass. 605, 97 Am. Dec. 59; *Pitlock v. Wells, Fargo & Co.,* 109 Mass. 452; *Scott v. National Bank of Chester Valley,* 72 Pa. St. 471, 13 Am. Rep. 711; *Gerrish v. Muskegon Sav. Bank,* 138 Mich. 46, 100 N. W. 1000; *Caldwell v. Hall,* 60 Miss. 330, 44 Am. Rep. 410; *Johnson v. Reynolds,* 3 Kan. 257.)

The bailee is entitled to be informed of contents of package containing money or securities that may pass from hand to hand, or other property of special value, so that bailee can give it the care required by its character. (*Humphreys v. Perry,* 148 U. S. 627, 13 Sup. Ct. 711, 37 L. ed. 587.)

Money is not expected to be left in a bank, unless as a time or checking account, and is not expected to be contained in bundles or boxes, and if so left must be so treated. (*Hillis v. Chicago R. I. & P. Ry. Co.,* 72 Iowa, 228, 33 N. W. 643; *Lloyd v. West Branch Bank,* 15 Pa. St. 172, 53 Am. Dec. 581; *First Nat. Bank v. Ocean Nat. Bank,* 60 N. Y. 278, 19 Am. Rep. 181.)

A suit for described chattels and money must be non-suited, if the proof is of delivery of a locked box, without disclosing the contents. (*Sawyer, Admr., v. Old Lowell Nat. Bank,* 230 Mass. 342, 1 A. L. R. 269, 119 N. E. 825.)

Eugene A. Cox, for Respondent.

Banks, being places for the deposit and safekeeping of valuables, are bound to exercise such degree of care as is consistent with the character of their business. (Morse on Banks and Banking, 5th ed., pp. 426, 431.)

Where a bailment is proven, the bailee must deliver the property in accordance with the contract or account for its

loss. The failure to either deliver the property or account for it is sufficient evidence of such a degree of negligence as will bind the bailee. (*Bates v. Capital State Bank,* 18 Ida. 429, 110 Pac. 277; *Strong v. Morgan,* 8 Ida. 269, 67 Pac. 1123.)

It is called gross negligence where the courts have established the rule that a gratuitous bailee is liable only for gross negligence. (*First Nat. Bank v. Zent,* 39 Ohio St. 105.)

The questions of negligence and consequent liability are fully discussed in: *Bean v. Ford,* 65 Misc. Rep. 481, 119 N. Y. Supp. 1074; *Yazoo & M. V. R. Co. v. Hughes,* 94 Miss. 242, 47 So. 662, 22 L. R. A., N. S., 975; *Ouderkirk v. Central Nat. Bank,* 119 N. Y. 263, 23 N. E. 875; *Hackney v. Perry,* 152 Ala. 626, 44 So. 1029; *Central of Georgia Ry. Co. v. Jones,* 150 Ala. 379, 124 Am. St. 71, 43 So. 575, 9 L. R. A., N. S., 1240; *Fairfax v. New York Cent. etc. R. Co.,* 67 N. Y. 11; *Burnell v. New York Cent. Ry. Co.,* 45 N. Y. 184, 6 Am. Rep. 61; *Baehr v. Downey,* 133 Mich. 163, 103 Am. St. 444, 94 N. W. 750; *Travelers' Indemnity Co. v. Fawkes,* 120 Minn. 353, 139 N. W. 703, 45 L. R. A., N. S., 331; *Union Stone Co. v. Wilmington Transfer Co.,* 5 Boyce (Del.) 59, 90 Atl. 407; *Keith Co. v. Booth Fisheries Co.,* 4 Boyce (Del.), 218, 87 Atl. 715; *Donlan v. Clark,* 23 Nev. 203, 45 Pac. 1; *Pregent v. Mills,* 51 Wash. 187, 98 Pac. 328; *Corbin v. Gentry,* 181 Mo. App. 151, 167 S. W. 1144; *Patriska v. Kronk,* 57 Misc. Rep. 552, 109 N. Y. Supp. 1092; *Pattison v. Syracuse Nat. Bank,* 80 N. Y. 82, 36 Am. Rep. 582; *Guaranty Trust Co. v. Diltz,* 42 Tex. Civ. 26, 91 S. W. 596; *Strong v. Morgan,* 8 Ida. 269, 67 Pac. 1123; *Chicopee Bank v. Seventh Nat. Bank,* 8 Wall. (U. S.) 641, 19 L. ed. 422; *Lloyd v. McWilliams,* 137 U. S. 576, 11 Sup. Ct. 173, 34 L. ed. 788.

The bank had notice that the box contained valuables and from the proven course of dealing of the plaintiff had sufficient reason to infer that the box contained some money. Such notice is sufficient to render a bailee liable where the

bailment consists of money, and that fact is not specifically disclosed. (*Dwight v. Brewster,* 18 Mass. (2 Pick.) 50, 11 Am. Dec. 133; *Allen v. Sewall,* 2 Wend. (N. Y.) 327; *Farnsworth v. National Express Co.,* 166 Mich. 676, 132 N. W. 441; *Galveston, H. & S. A. Ry. Co. v. Quilhot* (Tex. Civ.), 123 S. W. 200; *Southern Pac. R. Co. v. D'Arcais,* 27 Tex. Civ. 57, 64 S. W. 813; *Wm. Fine & Brother v. Southern Express Co.,* 10 Ga. App. 161, 73 S. E. 35; *Goldberg v. New York C. & H. Ry. Co.,* 164 App. Div. 389, 149 N. Y. Supp. 629; *Merchants' Despatch Transp. Co. v. Bolles,* 80 Ill. 473.)

DUNN, J.—This is an action to recover the value of certain personal property alleged to have been left by the plaintiff in the custody of the defendant about the 12th of August, 1916, said property being of the alleged value of $6,893.50, including $702 in money. The answer denies the receipt by the defendant of any of the property set out in the complaint.

A jury having been waived, the case was tried before the court, who found that the property described in the complaint was delivered to the defendant and that its value was as follows: Lawful money of the United States, $702; one gold ring, $10; one strong box, $1.50; and documents described in the complaint, the stipulated cost of the replacement of which is $50, making a total of $763.50, for which, with $42.50 as costs, judgment was entered against the defendant. The appeal is from the judgment.

The second assignment of error is that: "The court erred on the evidence in the case in awarding plaintiff judgment for $702 claimed to have been in the box delivered to the defendant." Our conclusion as to this assignment will dispose of the case.

The evidence offered on behalf of respondent, so far as it attempts to show a delivery to appellant, consists wholly of the testimony of Mrs. Mary E. Riggs, wife of respondent. She testified that she was in the bank of appellant about the time she and her husband were preparing to leave Grangeville, and relating a conversation with Mr. Otto Nail, who

was bookkeeper and sometimes acted as teller of the bank, she says: "I asked Mr. Nail if we might leave a box of papers and other valuables in the bank until such time as we could send for them, as we were leaving town; . . . . and I asked Mr. Nail if it would be all right, and he said, 'Certainly, you can leave the box here, and we will send it to you whenever and wherever you want it. We will send it by express.' And when I asked him about leaving some papers he said: 'We have cloth envelopes which you might use,' and I said, 'No, there are too many papers and other things which couldn't be put up in cloth envelopes.' And that is about all."

The witness testified further that she and her husband bought a tin box with a lock on it and placed therein the personal property that they desired to leave with the bank, and that she took this box to the bank and delivered it to Mr. Otto Nail.

On or about the 9th of April, 1917, the wife of respondent returned to Grangeville and requested the return of the tin box with its contents, but a diligent search by the officers and employees of the bank failed to discover it, and this action followed.

At the time of the deposit of the box with the bank, nothing was said as to its contents except what has been quoted above. Not until demand for the return of the box was anything said indicating that it contained a large sum of money, or any money. Under the testimony given on behalf of respondent, we do not think the bank became a bailee of the money. Among the requirements necessary to constitute a party a bailee of property of another are delivery and acceptance of the property.

"The very essence of the relation is possession, and so it may be said, as a general rule, that there must be an acceptance of the property on the part of the bailee; for one cannot be made a bailee against his will, and must have knowledge of the fact that he is in possession of the property." (Van Zile, Bailments & Carriers, sec. 18.)

"Since the duties and responsibilities of a bailee cannot be thrust upon a person without his knowledge or against his consent, it is essential to a bailment that there be an acceptance of the subject matter."   (6 C. J. 1104, sec. 24.)

"It is necessary, however, that the person sought to be charged as a bailee shall have notice of his possession of the goods."   (6 C. J. 1104, sec. 25.)

Story on Bailments, sec. 60.   To the same effect is the case of *Bertig v. Norman,* 101 Ark. 75, 81, Ann. Cas. 1913D, 943, 141 S. W. 201.

The appellant was entitled to know at the time of receiving the box in question that it contained the money that respondent claims to have been contained therein, or to know that its contents were of such value as to require the great care that is ordinarily bestowed on large sums of money.   When his wife, who delivered the box to the bank, undertook to state its contents it certainly was incumbent upon her to advise the bank not only that the box contained "papers and other valuables," which expression contains no intimation of money, but, if it did in fact contain this large sum of money, to so advise the bank in order that it might give the box the care that should be given a thing of such value, or in order that it might decline, if it saw fit, to take the care of so large an amount of money delivered to it in this manner.   The effect upon the bank was the same whether this information was withheld by her intentionally or unintentionally.   Failing thus to advise the bank of the presence of the money in the box, we think the respondent cannot now successfully contend that the bank accepted the custody of this money, which acceptance was necessary in order to make it a bailee of this fund.   The loss of the moneys, therefore, cannot be charged to the negligence of the bank, since it did not know of its presence in the box.   (*Sawyer, Admr., v. Old Lowell Nat. Bank,* 230 Mass. 342, 346, 119 N. E. 825, 1 A. L. R. 269; *Copelin v. Berlin Dye Works & Laundry Co.,* 168 Cal. 715, 144 Pac. 961, L. R. A. 1915C, 712; *Scollans v. Rollins,* 179 Mass. 346,

354, 88 Am. St. 386, 60 N. E. 983; *Belknap v. National Bank of North America,* 100 Mass. 376, 381, 97 Am. Dec. 105.)

If the expression "papers and other valuables" be held to include the gold ring in this case, as we think it may, it could certainly not be so held if, instead of a single ring of small value, there had been a large amount of very valuable jewelry and no intimation of that fact had been given to the bank.

We think the findings and judgment are supported by sufficient evidence as to the remainder of the property, the value of which the court found to be $61.50. The judgment is accordingly modified by deducting therefrom the sum of $702 and the costs allowed by the trial court, and as modified is affirmed for $61.50. No costs to either party on this appeal.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.