ELIZABETH E. DAVIS, special administratrix, *vs.* LUCY D. McGRAW & another.

Suffolk. March 14, 1910. — June 27, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Adoption. Probate Court. Fraternal Beneficiary Corporation.*

Under R. L. c. 154, § 1, which provides that if the petitioner for the adoption of a child "has a husband or wife living, who is competent to join in the petition, such husband or wife shall join therein, and upon adoption the child shall in law be the child of both," there is no such thing in this Commonwealth as an adopted child of one spouse alone where at the time of the adoption both the husband and the wife were living and were competent to join in the petition.

A decree of the Probate Court declaring the adoption of a child by a sole petitioner, who represented himself to be a widower but who had a wife living competent to join in the petition, is absolutely void, because under R. L. c. 154, § 1, the court has no jurisdiction to grant such a petition.

A by-law of a fraternal beneficiary association provided that "if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other legal designation, and he shall leave a widow, and no minor children surviving him, the benefit shall be paid to his widow." A member died leaving a widow and no minor children. In his original certificate the deceased member had designated his father as the beneficiary. Later his father died, and he designated as beneficiary a person named as his daughter. There was a decree of the Probate Court declaring this person to be the adopted daughter of the member. This decree was void for want of jurisdiction, because the member's wife did not join in the petition, but was not revoked until after the death of the member. The association paid the amount of the benefit to the alleged adopted daughter named as beneficiary, who, except by virtue of the alleged adoption, was not of the class of persons permitted to be beneficiaries by R. L. c. 119, § 6. In a suit in equity against this alleged beneficiary and the association, it was *held,* that under the by-law the benefit must be paid to the widow of the member, and that the payment of the amount of the benefit by the defendant association to the alleged adopted daughter was no defense.

BILL IN EQUITY, filed in the Superior Court on April 22, 1907, against a Massachusetts fraternal beneficiary corporation and one Lucy D. McGraw, to obtain $2,000 payable under a benefit

certificate issued to one Frederick H. Davis, alleged to have
been paid wrongfully by the defendant corporation to the de-
fendant McGraw, who was named in the policy as the benefi-
ciary, but was a stranger in blood to the member Davis and was
not dependent upon him nor otherwise within the class of persons
permitted to be beneficiaries by R. L. c. 119, § 6.

In the Superior Court the case was heard by *Richardson, J.*
Among the facts reported by him were the following: On Febru-
ary 21, 1891, Davis, then living in Boston, took out a certificate·
in the defendant the Grand Lodge, Ancient Order of United
Workmen of Massachusetts, he being then a member of the
subordinate lodge called Winter Hill Lodge, No. 118, which
was located in Somerville. The certificate was for $2,000, pay-
able on his death to his father, Henry Davis. The plaintiff,
Elizabeth E. Davis, was then, and down to the time of his death
continued to be, the wife of Frederick H. Davis, and at the time
of the filing of the bill was his widow. There was no minor child.
For the last twelve years of his life Frederick H. Davis did not
live with his wife, but did support her, and for the last few months
of his life at least he lived at the house of the defendant McGraw,
and died there.

In February, 1906, Henry Davis, the father of Frederick H.
Davis, died. Early in the same year it was discovered that Fred-
erick H. Davis, who since he first became a member of Winter
Hill Lodge had been financier of that subordinate lodge, was
in default in the sum of $518 for money which he had collected
and had not turned over to his lodge. A surety company which
had signed his bond was called upon to make up the deficit of
$518, and did so before he died.

In the early part of 1906, and after the deficit had been dis-
covered, Frederick H. Davis filed a petition in the Probate
Court for the county of Suffolk for the adoption of the respond-
ent Lucy D. McGraw as his daughter, and on March 29, 1906,
a decree of adoption was obtained upon the petition. Subse-
quently, upon the petition of the plaintiff, the decree of adoption
was revoked by the Probate Court. At the time of the filing
of the petition for adoption both Davis and the defendant
McGraw knew that Davis had a wife then living, although he
had always represented to the defendant McGraw that he had

no wife, but the wife did not join in nor assent to the petition for adoption, and no notice thereof was given her, nor did she know or hear of the adoption until after the decease of Frederick H. Davis, which occurred on September 21, 1906.

The judge found that the surety company, the defendant McGraw and Davis, with the knowledge of some of the officers of the subordinate lodge, among them the financier, one Wheeler, the recorder, one Spinney, and the treasurer, one Desmond, who also knew that Davis had a wife then living, participated in an arrangement by which the adoption was to be procured, a new certificate was to be taken out in which the beneficiary should be " Lucy D. McGraw, daughter," that certificate was to be assigned to the surety company, and, upon the death of Davis and the payment of the amount due on the certificate, the amount of the deficit was to be paid to the surety company by the defendant McGraw. The attorney for the surety company, shortly after the decree of adoption was obtained, went to the grand treasurer of the grand lodge, one Temple, told him of this arrangement, informed him that such assignment of the certificate had been or was about to be made to his company, and inquired as to the steps he should take to secure the security company's rights thereunder. Temple referred him to Spinney, but said that he, Temple, did not think that such an assignment was good. The attorney filed with the recorder, Spinney, a formal notice of the assignment to the security company, with the request to notify him of the death of Davis when it should occur. The assignment, however, was not offered in evidence.

The judge found that all designations and changes of beneficiaries in certificates are made through the officers of the subordinate lodge, on whom the grand lodge relies for all information relative thereto, subject to the approval of the grand lodge executive committee, in the manner provided by the by-laws and general laws of the order.

After the death of Frederick H. Davis, the defendant McGraw furnished due proofs of his death, and on October 8, 1906, the sum of $2,000 was paid by draft to her order. This draft was signed by Temple, as grand treasurer, as required by the laws of the order providing that the grand treasurer shall sign all drafts

drawn in accordance with the laws of the grand lodge. Out of the $2,000 the defendant McGraw paid to the surety company the amount which that company had paid to the subordinate lodge.

The plaintiff testified that immediately after the death of Frederick H. Davis she had interviews with some of the officers of-the Winter Hill Lodge and before the money was paid informed them that she had not been a party to the adoption of the defendant McGraw and had known nothing whatever about it until after her husband's death.

The judge reserved and reported the case upon his findings, the facts and the evidence as reported by him and all questions of law therein for determination by this court, such decree to be entered as law and justice required.

*W. H. Lewis & A. P. Gay,* (*J. L. Dyer* with them,) for the plaintiff.

*H. G. Sleeper,* for the Grand Lodge, Ancient Order of United Workmen of Massachusetts, submitted a brief.

*M. M. Johnson* filed a brief by leave of court.

HAMMOND, J. The first question is whether the decree of adoption of Lucy D. McGraw was absolutely void for want of jurisdiction of the court.

The petition for the adoption was by Frederick H. Davis alone. In the petition he represents himself as a widower and prays for leave to adopt Lucy D. McGraw. The decree is that from its date " said child shall to all legal-intents and purposes be the child of said petitioner." As a matter of fact the petitioner had a wife still living, who had no knowledge of these proceedings until a few days after the death of the member, which occurred about six months after the decree. That it was at least voidable as against the widow there is no doubt. But was it absolutely void so far as respects the acts of the society done in reliance thereon?

The law of adoption is purely a creature of statute. R. L. c. 154, § 1, provides that a person of full age may petition the Probate Court for leave to adopt as his child another person younger than himself, with some exceptions not here material, but that if the petitioner has a husband or wife living who is competent to join in the petition, such husband or wife shall join therein, and upon adoption the child shall in law be the child

of both. There is no such thing in this Commonwealth as an adopted child of one spouse alone, if husband and wife are both living at the time of the adoption. The child is the child of both and so should the decree run. In the present case there was a wife competent to join in the petition. The decree therefore does not conform to the law and is not such a decree as the court had the power to make.

But the objection to the validity of the decree goes deeper. In order that the Probate Court shall have jurisdiction to act it is necessary, where husband and wife are both living and each is competent to join in the petition, as was the case here, that both should sign the petition. The joinder of the wife is a condition precedent to the power of the court to consider the case. The court not having jurisdiction the decree was absolutely void and of itself furnished no protection to any one acting under it, even although acting in good faith. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and cases cited. See also *Purinton* v. *Jamrock*, 195 Mass. 187. There is nothing in *Ross* v. *Ross*, 129 Mass. 243, inconsistent with this conclusion. There is no contention that McGraw came within any class of beneficiaries prescribed by the statute if the decree was void.

Here then is a case where the only legal beneficiary, namely, the father of the member, died before the member, and there never was any other legal designation. Section 7 of Law XVIII of the by-laws provides that " if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other legal designation, and he shall leave a widow, and no minor children surviving him, the benefit shall be paid to his widow." There are no minor children, and by the plain language of the by-law the plaintiff as the widow is entitled to the benefit. See *American Legion of Honor* v. *Perry*, 140 Mass. 580; *Elsey* v. *Odd Fellows' Mutual Relief Association*, 142 Mass. 224; *Doherty* v. *A. O. H. Widows' & Orphans' Fund*, 176 Mass. 285, and cases cited. The fact that the defendant society has paid the money to Mrs. McGraw who was not entitled to it is no defense. *Tyler* v. *Odd Fellows' Mutual Relief Association*, 145 Mass. 134. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Loring* v. *Folger*, 7 Gray, 505.

In this case we have been favored by a brief, filed by the per-

mission of the court, by an *amicus curiæ*, which we have carefully examined.

The conclusion to which we have come renders it unnecessary to consider the other grounds upon which the plaintiff relies in support of the case.

*Decree for the plaintiff.*