JOHN JUDGE *vs.* NATIONAL SECURITY BANK OF BOSTON.

Suffolk. May 23, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Jurisdiction. Probate Court,* Jurisdiction, Decree. *National Bank. Contract,* Validity. *Corporation,* Officers and agents, Ultra vires. *Agency,* Scope of authority, Undisclosed principal.

A probate court is a court of superior and general jurisdiction as to matters within its field, and its decrees relative thereto are not open to collateral attack.

A determination by a probate court, as a basis for a decree appointing an administrator, that the deceased was a resident of the county at the time of his death, can be attacked only by proceedings in that court.

After an attachment of a man's land had been made in an action against him, he made an assignment for the benefit of his creditors, which covered the land. The assignee, who was president of a national bank, being desirous of selling the land, the bank, by its cashier acting under direction of the president, agreed in writing with the attaching creditor that, in consideration of his releasing the attachment, it would hold the proceeds of the real estate in lieu of the land as security for whatever judgment he might obtain in the action. The attaching creditor thereupon released the attachment and later obtained judgment in his action. The bank also was a creditor of the man and a beneficiary under his assignment. The execution of the writing by the bank was not authorized by a vote of its board of directors. In an action by the attaching creditor against the bank upon the writing, it was *held*, that

(1) The making of the agreement in writing was not *ultra vires* the bank;

(2) It could not be said as a matter of law that the agreement was not binding on the bank for want of authority in its president and cashier to make it: the making of the agreement was at least within those officers' ostensible powers;

(3) The agreement being valid and it having been made in form, at least, by the bank as principal, it was binding on the bank even though the bank in fact were acting as agent for the assignee;

(4) The attaching creditor was entitled to recover from the bank.

CONTRACT. Writ dated October 7, 1927.

The declaration was based upon a writing addressed to the plaintiff and signed by the defendant by its cashier as follows:

"In consideration of your releasing your attachment in Judge vs. Souther et al, now pending, in so far as it covers premises described in release by John Judge dated July 5, 1907 and being in South Boston at 423 East Sixth Street, we will hold the purchase money received for said premises on the proposed sale, a sum not less than $3700.00, in lieu of said attached premises as security to secure you in whatever final judgment or decree may be had in said case and to be applicable in satisfaction or partial satisfaction of such judgment or decree."

The action was heard in the Superior Court by *Macleod*, J., without a jury. There was evidence that the plaintiff in 1898 brought an action against Joaquin K. Souther and another and caused an attachment of certain real estate to be made, including the real estate mentioned in the writ-

ing; that in 1900 Souther made an assignment for the benefit of his creditors to two assignees, one of whom was then president of the defendant; that in 1907 the assignees desired to sell certain real estate covered by the assignment and for that purpose the president instructed the defendant's cashier to sign the writing; that the plaintiff thereupon released the attachment; that the defendant was a creditor of Souther; that the proceeds of the sale of real estate were deposited with the defendant; that there was no vote of the defendant's board of directors authorizing the cashier to sign the writing; that Souther died in 1916; that in 1921 his son was appointed administrator of his estate by decree of the Probate Court for the county of Suffolk; that the administrator appeared in the action of the plaintiff against Souther and, in 1924, consented to the entry of judgment for the plaintiff therein.   The defendant introduced evidence to show that Souther did not reside or have a domicil in the county of Suffolk at the time of his death and left no assets therein.

The judge found the facts regarding the execution of the writing, the release of the plaintiff's attachment and the assignment by Souther to be substantially in accord with the evidence above stated; and also found that the writing was understood by the plaintiff to be the contract of the defendant; that it was the defendant's contract; that the defendant received a benefit from the release of the plaintiff's attachment; and that the plaintiff was not guilty of fraud or collusion in procuring the entry of the judgment. He denied a motion by the defendant for a finding in its favor; and ruled that the decree of the Probate Court could not be attacked in the present action; that the execution of the writing was within the defendant's powers; and that, as executed by the defendant's cashier under direction of its president, it was binding on the defendant.   There was a finding for the plaintiff in the sum of $3,700 with interest from 1924.   The defendant alleged exceptions.

*A. C. Blake,* for the defendant.

*F. P. Garland,* for the plaintiff.

WAIT, J.   There is no merit in these exceptions.   The

principal contentions of the defendant are that the Probate Court for Suffolk County had no jurisdiction to grant administration on the estate of Joaquin K. Souther; and that the agreement on which the plaintiff relied was *ultra vires* the defendant.

The first contention is not open in these proceedings. Since the enactment of the Revised Laws, in 1901, the Probate Court has been a court of superior and general jurisdiction within its special field. Its decrees are not open to collateral attack. *Taylor* v. *Badger*, 226 Mass. 258. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212, 213, 214. Its determination that Souther was a resident of Boston at the time of his death can be successfully assailed only by proceedings for vacation in that court. The judge was right in ruling that its jurisdiction could not be attacked in the hearing of this case. *Connors* v. *Cunard Steamship Co.* 204 Mass. 310, 322.

Nor is the second contention sound. The evidence would sustain findings that the National Security Bank was a creditor of Souther; a beneficiary under his assignment for the benefit of creditors; interested that his assignees should be able to deal with real estate assigned to them unhampered by the long standing attachment of the plaintiff; deriving a substantial advantage from speedy and profitable conversion of his real estate into money. It was authorized to receive deposits of money. We have no question that, as incidental to its business in the receipt of deposits and the collection of its debts, it could agree, in return for the release of an attachment on lands which, on conversion into cash, were applicable to payment of its dues, to hold money as a deposit in lieu of the attachment, and to pay over to the attaching creditor or his assigns so much of the deposit as his judgment, if and when he got one, entitled him to claim. The case differs essentially from *Dresser* v. *Traders' National Bank*, 165 Mass. 120, cited by the defendant. Nor can we question the authority of the cashier and the president to act in such a matter for and on behalf of the bank, without special authorization by vote of the directors. It would be within their ostensible powers, and,

in the absence of knowledge of limitation by vote or by-law on the part of one dealing with them, would bind their principal, the corporation. As no invalidity appears on the face of the agreement made, in form, at least, by the defendant as a principal, it could be held liable even if, in truth, it were acting as an agent. *Brown* v. *Bradlee,* 156 Mass. 28, 31. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217.

The various requests need not be discussed in detail. What has been stated disposes of them. There was no prejudicial error.

*Exceptions overruled.*