EARLE G. LEE *vs.* NELLIE L. WOOD & another.

Worcester.　April 7, 1932. — May 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Probate Court*, Adoption, Decree. *Adoption. Parent and Child.*

A decree of a probate court in 1898 granting a petition under Pub. Sts. c. 148, § 1, by a man and woman, therein alleged to be husband and wife, for adoption of a child, is not open to collateral attack or modification.

A probate court, in passing upon such a petition must have determined whether as therein stated the petitioners were husband and wife.

A decree of a probate court granting a petition by a man and woman, in which they asserted that they were man and wife and sought adoption of a child, was a bar to a bill in equity brought by such adopted person after the death of the man, in which he relied on the decree of adoption but asserted that the woman was not the wife of the man and sought a decree that he had rights in the estate of the man to the exclusion of rights of the woman.

BILL IN EQUITY, filed in the Superior Court on November 9, 1931, and described in the opinion.

The defendants filed a plea in bar, which, after hearing by *Lummus*, J., was sustained; and a final decree dismissing the bill was entered. The plaintiff appealed.

*J. B. Shea*, (*E. J. McBride* with him,) for the plaintiff.

*H. F. Knight*, for the defendants.

DONAHUE, J. The plaintiff describes himself in his bill in equity, which was brought in the Superior Court, as the adopted son and heir at law of W. Starr Lee who died leaving a will which has been duly probated. By his will Lee bequeathed and devised property to "my wife, Nellie L. Lee." The bill alleges that Mrs. Lee, prior to her marriage to W. Starr Lee, had obtained a divorce from her former husband in the Superior Court, Tolland County,

Connecticut, by means of a fraud committed on that court in that she had not continuously resided in that State three years next before the date of her complaint or any substantial part of said three years as required by the laws of Connecticut. Based on this allegation the bill charges that Mrs. Lee committed fraud on Lee at the time of their marriage and continuously down to the date of his death, and fraud on his estate and on the plaintiff in accepting the property devised and bequeathed to her by his will. The bill further avers that Mrs. Lee has transferred a substantial part of the property received by her under the will of Lee to the defendant Waid without consideration and in fraud of the plaintiff's rights. The bill includes prayers that it be decreed that the divorce decree entered in Connecticut be declared null and void in this Commonwealth, that Mrs. Lee was never the legal wife of Lee, that the plaintiff is the sole heir at law of Lee, and that Mrs. Lee and the defendant Waid be ordered to turn over to the plaintiff such moneys and property as Mrs. Lee received from the estate of Lee. The defendants filed a plea in bar which sets up the petition for adoption of the plaintiff brought by Mr. and Mrs. Lee, the decree of adoption entered thereon in the Probate Court, and the further facts that no appeal was taken from that decree and no proceedings have been instituted by the plaintiff for its revocation or annulment. After a trial on the issues raised by the plea in bar, the trial judge entered an interlocutory decree sustaining the plea on the facts and a final decree dismissing the bill. The case is before us on the plaintiff's appeals from both decrees.

The plaintiff in his bill asserts rights as the adopted son and heir at law of Lee. He bases his asserted rights, as he must in order to have any standing in court, upon the decree of adoption entered by the Probate Court on June 17, 1898. The decree of adoption recites that "On the petition of W. Starr Lee . . . and Nellie Louise Lee, his wife, . . . the court being satisfied of the identity and relations of the persons . . . and that it is fit and proper that such adoption should take place; it is decreed that

from this day said child shall to all legal intents and purposes, be the child of said petitioners." The plaintiff does not contend that the decree of adoption was absolutely void. See *Davis* v. *McGraw*, 206 Mass. 294, 298. He relies on it to establish his status as the adopted son of Lee and asserts that he may now treat as void that portion of the decree which makes him the adopted son of Mrs. Lee. In effect he asks the Superior Court not to avoid in its entirety the decree of adoption entered by the Probate Court but to modify that decree.

At the time of the adoption of the plaintiff in 1898, the probate courts were, under St. 1891, c. 415, § 4, courts of superior and general jurisdiction "as regards all cases and matters in which authority" had been given them by the Legislature. At common law there was no right of adoption, and the statutes vest in the probate courts alone the authority to enter decrees of adoption. St. 1851, c. 324. G. L. c. 210. *Ross* v. *Ross*, 129 Mass. 243, 262. The general principle is firmly established by our decisions that the decree of a court of probate relating to a matter within its special province is not open to collateral attack or modification. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212. *Judge* v. *National Security Bank of Boston*, 272 Mass. 286, 289. The decision of this case is governed by that principle and is not affected by decisions in cases where the Probate Court assumed in a probate matter a power not given by statute. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Davis* v. *McGraw*, 206 Mass. 294, 298. *Jones* v. *Jones*, 223 Mass. 540, 542. Here the authority of the Probate Court to enter the decree of adoption upon the petition filed is not questioned by the plaintiff. It is necessarily insisted upon by him as the basis of the rights which he asserts.

A decree of adoption changes not only the preëxisting relation between the adopting parents and the child but as well the relation of the adopting parents to each other. *Buckley* v. *Frasier*, 153 Mass. 525, 526. *Tucker* v. *Fisk*, 154 Mass. 574, 577. An infant who is adopted becomes the child not of one but of both adopting parents. *Mac-*

*Master* v. *Fobes*, 226 Mass. 396. The statute required the Probate Court in passing upon the petition for the adoption of the plaintiff to determine whether as therein stated Nellie Louise Lee was the wife of W. Starr Lee. Unless she was his wife she was not a proper party to the petition. G. L..c. 210, § 1. The joinder of the wife of W. Starr Lee, if he had one, was a condition precedent to the power of the court to enter a decree of adoption. *Davis* v. *McGraw,* 206 Mass. 294, 298. The Probate Court could not enter a decree unless it was satisfied as to the identity and relations of the persons concerned in the adoption. G. L. c. 210, § 6. The only adoption which the Probate Court sanctioned was the adoption of the plaintiff by W. Starr Lee and his wife, Nellie Louise Lee. The Superior Court is without power to reform the decree of the Probate Court or to construe it as if it made Lee the sole adopting parent. The decree of adoption must stand as entered so long as it is unmodified in proceedings instituted for that purpose in the Probate Court.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*