GEORGE W. POVEY *vs.* COLONIAL BEACON OIL COMPANY.

Middlesex.     October 10, 11, 1935. — March 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Contract,* What constitutes, In writing, Construction.   *Trust,* What constitutes.   *Evidence,* Extrinsic affecting writing.   *Practice, Civil,* Findings by judge, Requests, rulings and instructions.   *Agency,* Scope of authority.   *Corporation,* Officers and agents.

On evidence of the circumstances in which a lessee of a gasoline and oil filling station, as security for the payment for goods bought from the lessor, gave to the lessor a sum of money through a bank selected by the lessor, which issued a certificate of deposit payable to the lessor's order, a finding was warranted that a debt, and not a trust, relation between the lessor and the lessee was created, so that a failure of the bank did not affect the lessor's liability to the lessee for the return of such sum.

A letter to a lessee, acknowledging receipt by the lessor of a deposit in connection with the leasing of a gasoline and oil filling station and promising a return of the deposit but not setting forth the entire transaction, properly was found to be a mere receipt which was open to explanation by oral evidence.

A gasoline and oil corporation was bound by the acts of an agent who had actual authority to let a filling station and apparent authority to fix the terms upon which security should be held for payment of its products sold to the lessee.

A judge of a district court found generally for the plaintiff in an action of law, made no specific findings of fact, and denied requests by the defendant for rulings of law on the stated grounds that they were either immaterial, or inconsistent with or inapplicable to facts found. The general finding clearly indicated what governing facts the judge must have found.   *Held,* that, while the method of dealing with the requests for rulings was not to be commended, no harmful error was shown.

CONTRACT.   Writ in the District Court of Lowell dated September 23, 1932.

The action was heard by *Eno,* J., who found for the plaintiff in the sum of $534.10.   A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*F. M. Qua,* (*E. S. Miller* with him,) for the defendant.

*F. Goldman,* for the plaintiff.

RUGG, C.J.   This is an action of contract whereby the plaintiff seeks to recover $500 with interest.   The trial judge made no specific findings of fact, denied several requests of the defendant for rulings of law because either immaterial, or inconsistent with, or inapplicable to, facts found, and made a general finding in favor of the plaintiff.   The defendant claiming to be aggrieved by the refusals to rule as requested and by the general finding for the plaintiff "so far as it is or implies a ruling of law," the case was reported by the trial judge.   The report contains all the evidence material to the questions of law raised.

There was evidence in substance of this tenor: One Robinson approached the plaintiff about January 1, 1931, relative to leasing an oil and gasoline filling station owned by the defendant.   There was evidence that at times here material Robinson "was the defendant's district manager in charge of the sale of gasoline and oil and operating the defendant's plant at Lowell and in charge of collections; that it was a part of his duty to look for prospects for places which the defendant had to lease and to report such prospects to the filling station department of the defendant; that it came to his attention that the filling station at the corner of Locke and Gorham streets in . . . Lowell was to be vacant and that he was introduced to the plaintiff by one Drewett; that during the conversation he told the plaintiff that he had the supervision of defendant's gasoline stations pertaining to sales and upkeep; that he reported to the head of the filling station department . . . who instructed him over the telephone to secure $500 on a certificate of deposit in connection with the transaction; that the said Robinson was the only representative of the defendant who talked to plaintiff about the lease."   This district manager described to the plaintiff various details concerning the filling station and said that, if he became lessee, he would be required to buy the "gas and oil, which he would sell on the premises, from the defendant" and that the defendant required $500 from the plaintiff as security for bills which he might owe the defendant.   The plaintiff objected to putting up $500 because of his good financial rating.   After some negotiation the district

manager told the plaintiff that the security could be furnished in the form of cash, a surety bond, or the deposit of a bank book with the defendant. The plaintiff asked when he would get his money back if he paid cash, and was informed that it would be returned at such time as his account with the defendant was in balance and he had been checked out of the filling station by the auditor of the defendant. Finally, the plaintiff said he would put up his own money but he wanted interest on it. He was told that the defendant would pay interest at the same rate as was paid to it by the bank. A few days later the district manager came to the plaintiff and asked him to go to the Middlesex National Bank to make arrangements. This was done. The district manager talked alone with the cashier of the bank, the plaintiff overhearing only a part of the conversation. Later the district manager told the plaintiff to make his check payable to the order of the bank. Acceptance of this check of the plaintiff drawn on his own bank was refused unless it was certified. The plaintiff then went to his own bank, had his check certified, and returning placed it on the counter of the Middlesex National Bank. That bank then issued some kind of a paper to the district manager which the plaintiff did not handle or read. It was later disclosed that this was in fact a certificate of deposit payable to the order of the defendant for $500 with interest at the rate of four per cent per annum upon surrender of the certificate. Up to that time a certificate of deposit had not been mentioned to the plaintiff. As they were leaving the bank, the plaintiff said to the district manager that he had given to the defendant $500, had nothing to show for it, and ought to get a receipt. The district manager promised him a receipt and later brought to the plaintiff a letter dated January 9, 1931, upon the letterhead of the defendant, addressed to the plaintiff and signed by himself as district manager, the body of which was in these words: "This to advise that the $500.00 given us on a certificate of deposit will be returned to you at such time as Station No. 57 is taken over by Colonial Beacon Oil Co., and your account with us is in balance." The plaintiff on looking at the letter said that it mentioned a certificate of deposit and did not

show anything about interest, and that he had given up $500. He was told that he would get back his $500 when his account was in balance and would receive interest. The parties executed a lease of the filling station at about the same time. Later the account of the plaintiff with the defendant was in balance and the plaintiff was checked out of the filling station by the auditor of the defendant. The plaintiff paid his entire indebtedness to the defendant in August, 1932. Subsequently, demand by the plaintiff for return of the $500 with interest was refused by the defendant. The Middlesex National Bank closed its doors in December, 1931, and did not reopen, its affairs being taken over for liquidation by the comptroller of the currency; it was still in liquidation at the time of the trial in the District Court. The defendant stated to the plaintiff that it was willing to pay him a dividend of twenty-five per cent received on the certificate of deposit and to transfer to him all right which it had to any further dividend; this offer was refused. The defendant never had any deposit in the Middlesex National Bank but its district manager did; the latter sent to the defendant at about the time of its delivery a copy of the letter of January 9, 1931, to the plaintiff and never received any complaint about it from the defendant.

The trial judge ruled that there was no evidence that the defendant knew or ought to have known that the Middlesex National Bank was likely to fail. Among the requests of the defendant for rulings which were denied were these: "1. On all the evidence the plaintiff is not entitled to recover"; "7. The entire agreement between the parties with reference to the $500 in question must be gathered from the letter of January 9, 1931, the construction of which is for the court, and this agreement cannot be varied by verbal statements of the parties." The remaining requests of the defendant which were denied raised questions as to the nature of the transaction between the plaintiff and the defendant, whether debt, pledge, or trust, and whether the district manager had authority to bind the defendant.

The defendant contends that it was trustee with respect

to the $500 and not a debtor, and that there was no absolute obligation on its part to pay to the plaintiff that sum, and that its only duty was to return the deposit without loss due to its own negligence. It invokes the principle that loss of a trust fund without fault of the trustee falls on the beneficiary. *Hunt, appellant,* 141 Mass. 515. *Kimball* v. *Whitney,* 233 Mass. 321. The precise relationship between the parties touching this matter depends upon their intention manifested by their words and conduct and the end to be accomplished. Whether a trust is created is commonly a question of fact. *Buteau* v. *Lavalle,* 284 Mass. 276, 278. *Commonwealth* v. *Snow,* 284 Mass. 426, 431. It is manifest from the general finding of the trial judge that he reached the conclusion that a debt and not a trust was created. Such a finding imports the finding of all subsidiary facts and the drawing of all rational inferences permissible on the evidence to support that result. *Adams* v. *Dick,* 226 Mass. 46, 52. *Jones* v. *Clark,* 272 Mass. 146, 149. *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 484. The plaintiff selected the depositing of cash out of the three methods suggested to him by the defendant for furnishing the security it demanded. He made no further condition except that he was to receive interest on the deposit as long as it was retained by the defendant. The district manager of the defendant was the person active and dominating throughout the various steps of the transaction. He selected the bank and made all the arrangements. The plaintiff gave no directions and made no suggestions. Nothing shown in the record limited or restricted the right of the defendant at any time to withdraw the amount represented by the certificate of deposit and to use it in its business, mingle it with its funds, or invest it in another way. The plaintiff was given no information by the defendant as to what it did with the $500, and he asked for none. One alternative security suggested by the defendant was the deposit of a bank book; that was rejected by the plaintiff; but in substance and effect the present contention of the defendant as to the certificate of deposit differs in no essential from that as to the alternative pre-

viously rejected by the plaintiff, except that the bank was selected by the defendant and not by the plaintiff. The conversations between the parties, their conduct, and the purpose intended to be effectuated indicate a debt and not the creation of a trust which the defendant would be required to hold separate and apart from its own funds and to keep constantly invested in securities appropriate for trust funds. *Old Colony Trust Co.* v. *Puritan Motors Corp.* 244 Mass. 259, 264. Compare *Lannin* v. *Buckley,* 256 Mass. 78, 82. Any hardship cast upon the defendant by the failure of the bank does. not absolve the defendant from its liability to the plaintiff. *Rowe* v. *Peabody,* 207 Mass. 226, 233. The finding of the trial judge that the deposit created a debt from the defendant to the plaintiff and was not a trust cannot be declared to be without support in the evidence. *Crowninshield Shipbuilding Co.* v. *Jackman,* 283 Mass. 21. *Judge* v. *National Security Bank of Boston,* 272 Mass. 286.

The defendant contends that the letter of January 9, 1931, to the plaintiff, already quoted, was an embodiment in writing of the entire agreement between the parties, which cannot be varied by parol. This letter manifestly does not conform to the agreement of the parties as shown by their conversations. It does not express the purpose intended to be carried out. It was not asked for or given as expressive of a bargain finally reached after negotiation. It was handed to the plaintiff in response to his request for a receipt. Manifestly it did not comprise the entire agreement. It gave the defendant in terms no right to apply the money in settlement of indebtedness to it due from the plaintiff on the termination of their business relations. It was in substance a receipt. It is settled that a receipt is open to explanation and may be varied or controlled by oral evidence. *Brooks* v. *White,* 2 Met. 283. *Glackin* v. *Bennett,* 226 Mass. 316. *Foster* v. *Commercial National Bank,* 248 Mass. 279. Plainly the letter of January 9, 1931, did not as matter of law show that the $500 was put in the hands of the defendant as trustee. It was simply a piece of evidence to be weighed with all the other evidence in the case. The trial judge was war-

ranted in finding that it did not and was not designed by the parties to set forth a final and complete statement of the whole transaction, and in ruling that it might be explained and amplified by evidence. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 68. *Nelson* v. *Hamlin,* 258 Mass. 331, 340. The case at bar is distinguishable from cases like *Langdon* v. *Langdon,* 4 Gray, 186, and *Paulink* v. *American Express Co.* 265 Mass. 182, where the entire contract was in writing and the usual rule was applied to the effect that testimony as to previous or contemporary oral agreements of a different nature could not be considered. *Goldenberg* v. *Taglino,* 218 Mass. 357, 359. *Canton* v. *Thomas,* 264 Mass. 457, 459. There was no error in the denial of the seventh request for ruling.

The defendant further contends that there was no evidence that its district manager had authority to bind it by an absolute promise to pay $500 with interest so as to establish the relation of debtor and creditor. The nature of his agency and extent of his authority have been disclosed in a paragraph of evidence quoted early in this opinion. His apparent authority as thus set forth was broad enough to bind the defendant on the contract here in suit. This is one of the instances where the principal may be found to be obligated by acts of his agent within the scope of his ostensible authority. *Brooks* v. *Shaw,* 197 Mass. 376, 380. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 190. *Blanchard Lumber Co.* v. *Maher,* 250 Mass. 159, 163. *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253, 256. *Judge* v. *National Security Bank of Boston,* 272 Mass. 286. The defendant has accepted the benefit of the contract made in its behalf by its district manager. It received and has kept the money deposited with it by the plaintiff. It cannot now disclaim the burden thereby imposed. *Episcopal Charitable Society* v. *Episcopal Church in Dedham,* 1 Pick. 372. *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333, 338. *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 207. The case at bar is distinguishable in its essential facts from cases like *Williams* v. *Dugan,* 217 Mass. 526, *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, and *For-*

*geron* v. *Corey Hill Garage, Inc.* 249 Mass. 163, upon which the defendant relies.   The sixth request * was denied rightly.

The final contention of the defendant is that it is entitled to a new trial because of the failure of the trial judge to indicate the theory of law upon which he proceeded by passing in detail upon the requests for rulings of law presented. The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error.  *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18–19.  *Castano* v. *Leone,* 278 Mass. 429, 431.  There is no formula for the disposition of requests for relevant rulings which can dull the edge of this judicial duty.   The method of dealing with requests for ruling adopted in the case at bar is not to be commended.  *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261.  In the case at bar it is plain from his general finding that the trial judge found that the contract between the parties created a debt and not a trust, that the letter to the plaintiff of January 9, 1931, did not constitute the entire contract between the parties and could be modified, explained and enlarged by evidence, and that the district manager of the defendant was its authorized agent to make the contract alleged by the plaintiff.   These findings were permissible on the evidence under governing principles of law.   They must be accepted as final.   They rendered the requests for rulings of law presented by the defendant and denied not applicable to the facts on which the rights of the parties depend.   It is not necessary to examine those requests one by one.   The substantial rights of the defendant were not adversely affected by their denial.

*Order dismissing report affirmed.*

---

* The sixth request was as follows:

"6. There is no evidence from which it could be found that Robinson had any authority to bind the defendant to any absolute promise or guarantee to pay the plaintiff any sum of money instead of, or in addition to, the return of the deposit to him." — Reporter.