Briggs, J.
This is an action in contract hy which the plaintiff seeks to recover for labor and materials furnished *50 in building a house for the defendant. The declaration filed was on an account annexed, which was later amended in two counts — one on an account annexed and the other for labor and materials. After the trial, arguments and the defendant’s requests for rulings had been filed the plaintiff filed a motion to further amend his declaration by a count alleging a contract and the breach thereof by the defendant. This was allowed ex parte, after the defendant agreed that it might be filed.
The answer of the defendant was a general denial and that all of the work performed and materials furnished were under an oral contract; that some of the work was carelessly and improperly done, so that the plaintiff, although asked to perform his contract, neglected and refused to do so, and that the defendant had to employ other workmen to finish the house.
At the close of the trial, and before arguments, the defendant filed five requests for rulings. These requests were “granted except insofar as they relate to matters of pleading, and insofar as they relate to matters of pleading they were waived by the defendant in open court”.
The Court then filed the following memorandum — “The plaintiff contends that he is entitled to recover seven hundred twelve and 45/100 dollars together with interest . . . I find that the plaintiff is so entitled, less a deduction because of an instance of poor workmanship which required but a brief time to remedy”. This is in the nature of a general finding.
Thereupon the defendant made a motion for “correction of the findings and rulings” on the ground that the general finding for the plaintiff on his declaration was inconsistent and incompatible with the granting of the defendant’s requests for rulings. This motion was heard and denied. No requests for rulings were filed.
*51 The defendant now claims to be aggrieved by (1) The denial of his motion to correct the findings and rulings, (2) by the failure of the Court to rule on his requests for rulings in a clear and concise manner so that he might know what request or what part of any requests were allowed or denied, and (3) by the allowance of the plaintiff’s motion to amend further his declaration. At the outset we are unable to construe what, if anything, is meant by the limitation to the granting of the requests used by the Court, to wit, “granted except insofar as they relate to matters of pleading, and insofar as they relate to matters of pleading they were waived by the defendant in open court”. Nothing in the report is of assistance in the interpretation of this phrase.
Neither this Court nor the defendant should be left in doubt as to the scope of the rulings. It has frequently been decided that when controverted issues are tried before a judge it would be manifestly injust if the defeated party could not be certain that the trial court had not fallen into error.
We are not unaware that it is also well settled that a party cannot complain of rulings given at his request — but in this case the defendant did more. He filed a motion asking the Court to correct Ms finding and rulings as inconsistent and incompatible with the granting of the requests. This course had approval in Di Lorenzo v. Atlantic National Bank of Boston, 278 Mass. 321, 323, 324.
The ruling numbered 3 was “The plaintiff cannot recover on his declaration or his amendment thereto on any one of the three counts since they are all on an account annexed and the work was done under a contract”. The plaintiff, in his brief, contends that this request was waived by the defendant. Nothing in the report so states. It was the duty of the plaintiff to have such waiver in the report if relied upon.
*52 This request was granted with the others and appears incompatible with the general finding. When presented by counsel no count on the contract had been filed, but the amendment was allowed prior to the finding and all pleadings were before the court at the hearing of the motion to correct the findings and rulings.
By the granting of this request the Court instructed himself that the plaintiff could not recover on an account annexed, and by his finding for the plaintiff, if he followed this ruling, must have found under the contract. This is emphasized by the language used in the finding where he recites a “deduction because of an instance of poor workmanship which required but a brief time to remedy”.
The law is well settled in this Commonwealth in relation to building contracts, that a contractor cannot recover on the contract without showing complete and strict performance of all of its terms.
Failing complete performance of the contract a contractor may recover on a quantum meruit if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully.
Andre v. Maguire, 305 Mass. 516.
Whether the departure by poor workmanship above referred to was so trifling as to fall within the de minimis rule was for the Court to determine. If the Court based its finding for the plaintiff on performance of the contract it appears1 to be an error of law; if based on a quantum meruit it was inconsistent with the ruling, and if based on a breach of the contract it is incompatible with the rulings.
The denial of his motion to correct the findings and the failure of the Court to rule on his requests clearly and concisely appear prejudicial to the defendant. We are unable to determine from the pleadings, the evidence or from the *53 rulings, upon what theory of law the Court based its finding. Pursuant to the law as interpreted in Hetherington & Sons v. Firth, 210 Mass. 8 and Povey v. Colonial Beacon Oil Co., 294 Mass. 86 justice requires a new trial. Had the Court explained his action in the denial of the motion it might appear justifiable by his view of the facts, but we are unwarranted in assuming it to. be so in the absence of explanation.
The finding for the plaintiff is to be vacated and the entry made of new trial ordered.