Gajdsby, J.
This is an action of tort in which the plaintiff seeks to recover property damage to his automobile as a result of its being involved in a collision with the defendant’s automobile on September 9, 1942 on Boylston Street, Boston, Massachusetts.
The draft report is rather voluminous in its narration of the testimony, but there'is no need of discussing it in this opinion. Suffice to say that we have a case where there is conflicting evidence on the question of negligence and con- *8 tributary negligence. These questions are commonly questions of fact to be decided upon a consideration of the entire evidence. It is rare that such can be ruled as matter of law because in the ordinary case, even if the evidence of the plaintiff were uncontradicted, the court could disbelieve the testimony.
While the plaintiff under the doctrine of Nash v. Lang, 268 Mass. 407, could recover, even if the operator of the plaintiff’s car were negligent, yet there can be no recovery unless the defendant were negligent. The defendant has tiled among various requests for rulings the following: “There is evidence sufficient to warrant a finding for the defendant. ’ ’
The trial judge ignored the rulings requested, but made the following memorandum:
“Finding for the plaintiff: $300.00.”
“The basis of the finding is that on all the evidence Cameron was the owner and G-reenleaf the operator at the time of the accident and the car was used with the consent of the owner for her own affair. I admit the evidence received de bene relative to the Cameron car and save the exception and claim of report of the defendant Cuccio”.
It is an elementary principle of law that such a request should have been given unless rendered immaterial in view of specific findings of fact made by the trial judge.
The dual position of a trial judge has been so often decided on by this court that repetition seems almost unnecessary. As was said in Hetherington & Sons v. Firth, 210 Mass. 8 at 18, “When a case is tried without a jury, a judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principles of law, he is also the tribunal compelled to determine what the facts are. When these duties are nicely analyzed, he ought as judge, *9 to formulate the governing rules of law and then, acting in place of the jury, he ought to follow those rules in deciding where the truth lies on conflicting evidence. ’ ’
In Castano v. Leone, 278 Mass. 429 at 431, the court said, concerning the duties of a trial judge sitting without a jury, “He must lay down pertinent rules of law for his own guidance; and having done that he must follow those rules in making the findings, of material facts upon the evidence”.
As was said in Bresnick v. Heath, 292 Mass. 293 at 298, “ The plaintiff was seeking a ruling there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or a statement of findings of facts showing that the requested ruling had become irrelevant.”
In Povey v. Colonial Beacon Oil Co., 294 Mass. 86 at 93, the court said, “The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make it plain that he has not fallen into error. ’ ’
The court in Strong v. Haverhill Electric Co., 299 Mass. 455 at 456, said, “If such a requested ruling has been refused and nothing more appears that a general finding for the defendant has followed, the general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff. If the evidence did warrant such a finding, the' refusal of the requested ruling is error because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact. ’ ’
At this stage of the proceeding when the court is considering the request, the question of credibility is not before the court. The trial judge has not yet reached that stage. *10 The only question was whether there was sufficient evidence to warrant him. in submitting the case to himself as the jury acting in his dual capacity. In short, a judge could properly grant such a request that there was evidence sufficient to warrant a finding for the defendant and consistently enter a finding for the plaintiff. First National Bank v. Sheridan, 285 Mass. 167 at 168. He is then making his decision on the credibility of the witnesses, and has considered the crucial questions of fact. But when a judge denies such rulings without ány memorandum of finding of the facts, then a party has no way of knowing along what lines the judge proceeded. The defendant as a matter of law was entitled to have the ruling requested or a statement of findings of fact showing that the requested ruling has become irrelevant or inconsistent with the facts found.
The memorandum filed by the trial judge does not amount to a statement of findings of fact showing that the requested ruling has become irrelevant or inconsistent with the facts found.
This is not the situation described in L. Grossman Sons, Inc. v. Rudderham, 67 N. E. 2nd 406 at 407, where the court said, “Sometimes an error in denying such a request has been rendered harmless by the fact that the judge failed to act upon his own ruling, but considered the question of fact upon all the evidence and arrived at a conclusion independently of his erroneous ruling. Perry v. Hanover, 314 Mass. 167.
Therefore, there was prejudicial error in the denial of the defendant’s request #1.
The finding for the plaintiff is therefore vacated, and the case remanded for a new trial.