JAMES F. HYLAND *vs.* SIGNS, INC.
(and a companion case[1]).

Suffolk.    November 9, 1956. — November 30, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Contract,* Of employment.

No basis appeared on the record for disturbing a finding for the plaintiff in an action against his former employer to recover a balance alleged to be due for work, labor and services performed under a contract to pay wages at a higher rate than was actually paid to the plaintiff.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated December 13, 1954.

The actions were heard by *O'Connell,* J., who found for the plaintiffs. The defendant alleged exceptions.

*Bernard Kaplan,* (*Lester S. Cramer* with him,) for the defendant.

*Maurice M. Goldman,* for the plaintiffs.

WHITTEMORE, J. These are actions to recover balances alleged to be due for work, labor and services performed for the defendant under oral contracts to pay union wages.

---

[1] The companion case is by Steven J. Haderski against the same defendant.

The actions were not brought until after the expiration of some months from the termination of employment and after the defendant had sued each plaintiff for money borrowed from the defendant during the periods of employment. Issues of fact were presented as to whether the plaintiffs had performed services of such a character that under the rates of pay in force in the defendant's shop and which it was alleged the defendant had agreed would be paid, the plaintiffs were each entitled to be paid at a higher rate than was in fact paid. In the circumstances disclosed in the evidence there were strong reasons for careful scrutiny of the plaintiffs' claims. But we cannot say that the trial judge committed an error of law in believing the plaintiffs, and it would serve no useful purpose to review the evidence in any detail. In view of the evidence that the defendant's agent had in some form of words asked one of the plaintiffs to wait and said to the other that the difference would be made up, we cannot rule that as a matter of law the conduct of the plaintiffs bars their recovery, whether by way of affirmation of the defendant's interpretation of what was due or election or waiver. It is unnecessary to discuss the many requests for rulings which were granted or denied. Those given and denied, with the amounts found due, are sufficient to indicate the basis of recovery (*Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93) and did not require findings for the defendant, or in other amount than was awarded in each case. There appears no significant inconsistency or prejudicial error in the rulings which were made. The amounts could be found due under the declarations and trial stipulations and appear to reflect sums which the parties stipulated, with interest from the dates of the writs.

*Exceptions overruled.*